768 P.2d 174

**STATE of Arizona, Plaintiff/Appellee,**

v.

**ANONYMOUS and Anonymous, Defendants/Appellants.**

**No. 2 CA–CV 88–0282.**

Court of Appeals of Arizona, Division 2, Department A.

Nov. 17, 1988.

Review Denied Feb. 28, 1989.[*]

---

[*] Feldman, V.C.J., of the Supreme Court, did not participate in the determination of this matter.

**443**

Pima County Atty. Child Support Services by Clinton R. Stinson, Tucson, for plaintiff/appellee.

Richard R. Forcier, Tucson, for defendants/appellants.

## OPINION

LIVERMORE, Presiding Judge.

As the result of sexual intercourse between a thirteen-year-old boy and a sixteen-year-old girl, a child was born. In this appeal from an order of support, the boy contends that his infancy ought to excuse him from any duty of support. We disagree and affirm.

A.R.S. § 12–849(A) contemplates, as did the common law, that a natural parent would be liable for the financial support of his child. We are cited no authority that the minority of the parent relieves him of that obligation. That the legislature intended the obligation to apply to minors appears from A.R.S. § 12–850. It reads:

> The parent or parents having custody or control of the putative mother or father may be joined as defendants in the action if the putative mother or father is a minor or was a minor at the time the action was commenced. Such parents may be held jointly and severally liable with such minor. However, the liability of such parents shall be limited to an amount not to exceed two thousand five hundred dollars.

Given this clear legislative purpose and the fact that support is for the benefit of the helpless child and not to punish the parent, we hold that the minority of a parent is irrelevant to his obligation to support his child.

AFFIRMED.

HATHAWAY and HOWARD, JJ., concur.